IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

CARL RANEY,

    Plaintiff,

v().

DISTRICT COURT OF TREGO COUNTY, KANSAS and WAYNE RANEY,

    Defendants.

Case No. 16-cv-04108-DDC-KGS

## MEMORANDUM AND ORDER

Pro se plaintiff Carl Raney has sued defendants Wayne Raney and the District Court of Trego County, Kansas ("District Court"). Plaintiff's Complaint[1] asserts that the District Court injured him by allowing a forged version of his mother's will to enter probate, and that Wayne Raney injured him by submitting the forged will to probate and exerting undue influence over the will's testator. Doc. 1.

This matter comes before the court on the District Court's Motion to Dismiss (Doc. 5) and Wayne Raney's Motion to Dismiss (Doc. 8). Plaintiff did not respond to either motion. So, consistent with District of Kansas Rule 7.4(b), the court "will consider and decide the motion as an uncontested motion." In these circumstances, the court ordinarily "will grant the motion without further notice." D. Kan. Rule 7.4(b). Although the court could grant the defendants' motions under Rule 7.4(b) without further discussion, the court also rules on the motions to dismiss based on their merits. *E.g.*, *Gee v. Towers*, No. 16-2407, 2016 WL 4733854, *1 (D.

---

[1] Because plaintiff proceeds pro se, the court construes his pleadings liberally and holds them to a less stringent standard than those drafted by lawyers. *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). But the court does not assume the role of advocate for plaintiff. *Id.* Nor does plaintiff's pro se status excuse him from complying with the court's rules or facing the consequences of noncompliance. *Nielsen v. Price*, 17 F.3d 1276, 1277 (10th Cir. 1994).

1

Kan. Sept. 12, 2016) (dismissing complaint under Rule 7.4(b), but also considering motion to dismiss on its merits).

Before it addresses the substance of the defendants' motions, the court, first, must consider whether subject matter jurisdiction exists. *See 1mage Software, Inc. v. Reynolds & Reynolds Co.*, 459 F.3d 1044, 1048 (10th Cir. 2006) ("Federal courts 'have an independent obligation to determine whether subject-matter jurisdiction exists, even in the absence of a challenge from any party,' and thus a court may *sua sponte* raise the question of whether there is subject matter jurisdiction 'at any stage in the litigation.'" (quoting *Arbaugh v. Y & H Corp.*, 546 U.S. 500, 506, 514 (2006))). To invoke the court's subject matter jurisdiction, plaintiff's Complaint must allege facts sufficient to support either federal question jurisdiction or diversity jurisdiction. When conducting this jurisdictional analysis, the court accepts the Complaint's allegations as true because the defendants have not challenged them or presented contrary evidence. *See Holt v. United States*, 46 F.3d 1000, 1002 (10th Cir. 1995).

Even the most liberal reading of plaintiff's Complaint fails to establish federal question jurisdiction. "[F]ederal question jurisdiction must appear on the face of a plaintiff's well-pleaded complaint." *Martinez v. U.S. Olympic Comm.*, 802 F.2d 1275, 1280 (10th Cir. 1986). "The complaint must identify the statutory or constitutional provision under which the claim arises, and allege sufficient facts to show that the case is one arising under federal law." *Id.* (citing *Kirkland Masonry, Inc. v. C.I.R.*, 614 F.2d 532, 533 (5th Cir. 1980)). Here, plaintiff's Complaint alleges that the court has federal question jurisdiction over his claims because they "arise because of violation of the civil or equal rights, privileges, or immunities accorded to citizens of" the United States. Doc. 1 at 3. But plaintiff's Complaint alleges no civil-rights violation, and it never identifies an issue arising under any other federal statute or the Constitution of the United

States. The court thus does not have jurisdiction over plaintiff's Complaint unless plaintiff has alleged facts sufficient to support diversity jurisdiction.

Diversity jurisdiction requires two things: the requisite amount-in-controversy and complete diversity. 28 U.S.C. § 1332; *Newman-Green Inc. v. Alfonzo-Larrain*, 490 U.S. 826, 829 & n.1 (1989). The Complaint explicitly satisfies the first requirement, claiming more than $75,000 in damages. Doc. 1 at 4. But the second element—complete diversity of citizenship—is a more complicated analysis.

Plaintiff alleges that he is a citizen of "the State of Nebraska, or Belize." *Id.* at 2. Though it is unusual for a plaintiff to assert his citizenship in the alternative, this uncertainty doesn't matter here because both defendants are Kansas residents. *See id.* If plaintiff is a Nebraska citizen, diversity exists under 28 U.S.C. § 1332(a)(1). And if he is a citizen of Belize, diversity exists under 28 U.S.C. § 1332(a)(2), which states that diversity jurisdiction exists between "citizens of a State and citizens or subjects of a foreign state." *See Eisenberg v. Commercial Union Assurance Co.*, 189 F. Supp. 500, 502 (S.D.N.Y. 1960) (stating that § 1332 "differentiates between States of the United States and foreign states by the use of a capital S for the word when applied to a State of the United States"); *see also Grimandi v. Beech Aircraft Corp.*, 512 F. Supp. 764, 776 (D. Kan. 1981) (applying § 1332 to foreign corporations). The court concludes that the Complaint satisfies the requirements for diversity jurisdiction and thus subject matter jurisdiction exists.[2]

---

[2] Under Kansas substantive law, "subordinate government agencies do not have the capacity to sue or be sued." *Fugate v. Unified Gov't of Wyandotte Cty./Kan. City, Kan.*, 161 F. Supp. 2d 1261, 1266 (D. Kan. 2001). The Kansas "legislature may create a separate government entity with the capacity to sue and be sued, but" such authority "must be expressly created." *Id.* (citing *Hopkins v. Kansas*, 702 P.2d 311, 317 (Kan. 1985)). The Kansas legislature has not granted such authority to its state courts and so, a suit against the District Court of Trego County is, in reality, a suit against the State of Kansas. *See* Kan. Stat. Ann. § 75-6102(a) (defining "State" as "the state of Kansas and any department *or branch* of state government" (emphasis added)). This conclusion may present an Eleventh Amendment Immunity problem on the merits, but it does not deprive the court of diversity jurisdiction. *See Jones v. Courtney*, 466 F. App'x 696, 699 n.3 (10th Cir. 2012) (explaining that the court is not required to raise

The District Court of Trego County moves for dismissal of plaintiff's Complaint under Federal Rule of Civil Procedure 12(b)(1), asserting that plaintiff's claims against it are barred by the Eleventh Amendment. Defendant Wayne Raney seeks dismissal because "there has been no hearing on whether or not the will should be admitted to probate" and so "[u]ntil such time as the [District Court] may hear the will contest, these proceedings are premature and without merit." Doc. 9 at 1. The court construes Mr. Raney's motion as one asking the court to abstain from hearing plaintiff's claims under the *Younger* abstention doctrine. The court considers both defendants' arguments below, guided by the governing legal standard detailed in the following section.

### I.     Legal Standard

The court must dismiss any case that it lacks subject matter jurisdiction to hear. Fed. R. Civ. P. 12(h)(3). The court must do so because "[a] court lacking jurisdiction cannot render judgment." *Basso v. Utah Power & Light Co.*, 495 F.2d 906, 909 (10th Cir. 1974) (citing *Bradbury v. Dennis*, 310 F.2d 73, 74 (10th Cir. 1962)). The party who invokes the court's jurisdiction bears the burden to establish that jurisdiction exists. *Id.* Here, that party is plaintiff.

Because the defendant District Court attacks the Complaint's allegations of subject matter jurisdiction, the court "must accept the allegations in the complaint as true." *Holt*, 46 F.3d at 1002 (citing *Ohio Nat'l Life Ins. Co. v. United States*, 922 F.2d 320, 325 (6th Cir. 1990)).

---

the issue of Eleventh Amendment immunity sua sponte, but "if a state affirmatively raises an Eleventh Amendment immunity defense, [the court is] required to address the defense as a 'threshold jurisdictional matter'" (quoting *United States ex rel. Burlbaw v. Orenduff*, 548 F.3d 931, 924 (10th Cir. 2008))).

**II.     Analysis**

    **A.     Eleventh Amendment Immunity**

Defendant District Court asserts that the Eleventh Amendment bars plaintiff's claims against it because it is an arm of the State of Kansas and thus is immune from suit in federal court.

The Eleventh Amendment grants immunity that "accord[s] states the respect owed them as joint sovereigns," and "applies to any action brought against a state in federal court, including suits initiated by a state's own citizens." *Steadfast Ins. Co. v. Agric. Ins. Co.*, 507 F.3d 1250, 1252 (10th Cir. 2007). Eleventh Amendment immunity protects states and entities that are arms of the state. *Wagoner Cty. Rural Water Dist. No. 2 v. Grand River Dam Auth.*, 577 F.3d 1255, 1258 (10th Cir. 2009). Here, the District Court is an arm of the State of Kansas. *See* Kan. Const. art. III, §§ 1, 6 (providing that district courts are a division of the state judicial system in Kansas). Defendant District Court thus is immune from suit unless some exception to its Eleventh Amendment immunity applies.

No exception applies here. Though plaintiff seeks an injunction, he cannot take advantage of *Ex Parte Young*'s prospective-relief exception to Eleventh Amendment immunity because he has sued the District Court—not an official of the District Court. *See Ellis v. Univ. of Kan. Med. Ctr.*, 163 F.3d 1186, 1196 (D. Kan. 1998) ("[T]he Eleventh Amendment bars federal court jurisdiction over a state agency for both money damages and injunctive relief . . . ."); *Smith v. Kansas*, 574 F. Supp. 2d 1217, 1219 (D. Kan. 2008) (holding that the *Ex Parte Young* doctrine allows some suits against state officials, but "does not permit suits against the State itself" (citing *Hill v. Kemp*, 478 F.3d 1236, 1255–56 (10th Cir. 2007)). The Eleventh Amendment thus bars plaintiff's claims against the District Court.

## B. *Younger* Abstention and the Probate Exception to Subject Matter Jurisdiction

The court construes defendant Wayne Raney's motion as one asking the court to decline jurisdiction over plaintiff's Complaint under the *Younger* abstention doctrine because the probate proceedings before the District Court that plaintiff has sued over are ongoing proceedings. Doc. 8 at 1–2. Though the defendant District Court did not join Mr. Raney's Motion, the following analysis and conclusions apply equally to plaintiff's claims against defendant District Court and provide an alternative ground for dismissing those claims.

The *Younger* abstention doctrine "dictates that federal courts [must] not interfere with state court proceedings by granting equitable relief . . . when such relief could adequately be sought before the state court." *McDonald v. Colo.'s 5th Judicial Dist.*, 646 F. App'x 697, 699–700 (10th Cir. 2016) (quoting *Amanatullah v. Colo. Bd. of Med. Exam'rs*, 187 F.3d 1160, 1163 (10th Cir. 1999)). And so, the court must decline jurisdiction when three conditions exist:

> (1) there is an ongoing state criminal, civil, or administrative proceeding, (2) the state court provides an adequate forum to hear the claims raised in the federal complaint, and (3) the state proceedings involve important state interests, matters which traditionally look to state law for their resolution or implicate separately articulated state policies.

*Id.* at 700 (quoting *Amanatullah*, 187 F.3d at 1163).

Here, plaintiff seeks relief that is equitable in nature,[3] and all three *Younger* conditions are met. First, plaintiff's claims are before the District Court in an ongoing probate proceeding. *See* Doc. 8 (attaching petition for probate and other documents from the District Court).[4]

---

[3] Plaintiff asks the court to open an investigation into the state-court probate proceedings, grant him one-third of his mother's estate and a lien on her property, stay the probate proceedings, and prevent Mr. Raney from accessing the will. Doc. 1 at 3–4. The court could accomplish these results only by issuing an injunction. The relief plaintiff seeks is thus equitable in nature.

[4] Because plaintiff incorporates the District Court's records in *In re Estate of Rosa Lee Raney*, No. 2016-PR-000018 (Trego Cty. Dist. Ct.), into his Complaint by reference, the court may consider those records when deciding this motion. *See Gee v. Pacheco*, 627 F.3d 1178, 1186 (10th Cir. 2010).

Second, plaintiff may raise and indeed he has raised his claims in state court; thus, the state court provides him with an adequate forum. *See* Doc. 8 at 21.  And third, probate cases involve important state interests, especially those—as here—involving real property located within the state.  *See McDonald*, 646 F. App'x at 700 ("[T]he third condition—a state case involving important state interests—is satisfied because the state proceedings involve real property located within Colorado . . . ."); *Harper v. Pub. Serv. Comm'n of W. Va.*, 396 F.3d 348, 352–53 (4th Cir. 2005) ("[T]he law of probate, trusts, and estates—allocating the personal property of citizens— remains an important interest of the states for *Younger* purposes." (citing *Williams v. Adkinson*, 792 F. Supp. 755, 766 (M.D. Ala. 1992))).  Under these circumstances, *Younger* abstention is mandatory.  *McDonald*, 646 F. App'x at 700.  The court thus dismisses plaintiff's Complaint.

Even if *Younger* did not require the court to abstain, the court would abstain from interfering with the pending probate case under the probate exception to the court's diversity jurisdiction.  "Federal courts have limited jurisdiction and do not probate estates." *Beren v. Ropfogel*, 24 F.3d 1226, 1228 (10th Cir. 1994).  This exception to the court's jurisdiction "reserves to state probate courts the probate or annulment of a will and the administration of a decedent's estate; it also precludes federal courts from endeavoring to dispose of property that is in the custody of a state probate court." *Marshall v. Marshall*, 547 U.S. 293, 311–12 (2006).  Thus, a federal court must decline jurisdiction when a plaintiff's complaint endeavors to "(1) probate or annul a will, (2) administer a decedent's estate, or (3) assume *in rem* jurisdiction over property that is in the custody of the probate court." *Parks v. Kiewel*, No. 6:15-1196-JTM-GEB, 2015 WL 7295457, at *3 (D. Kan. Nov. 18, 2015) (quoting *Three Keys LTD v. SR Util. Holding Co.*, 540 F.3d 220, 227 (3d Cir. 2008)).

Here, plaintiff's Complaint asks the court to open an investigation into probate proceedings pending before the District Court of Trego County, Kansas, and to award him one-third of the testator's estate under a will. In sum, plaintiff asks the court to determine that his mother's will is invalid because, as he alleges, the District Court has failed to make that finding. Because plaintiff's Complaint essentially asks the court to annul his mother's will, the probate exception applies. The court thus declines jurisdiction over plaintiff's claims against defendants Wayne Raney and the District Court because those claims ask the court to interfere with the state probate proceedings.

**IT IS THEREFORE ORDERED BY THE COURT THAT** the District Court's Motion to Dismiss (Doc. 5) and Wayne Raney's Motion to Dismiss (Doc. 8) are granted.

**IT IS FURTHER ORDERED BY THE COURT THAT** plaintiff's Motion for Injunctive Relief (Doc. 3) is denied as moot.

**IT IS SO ORDERED.**

Dated this 27th day of October, 2016, at Topeka, Kansas.

**s/ Daniel D. Crabtree**
**Daniel D. Crabtree**
**United States District Judge**